UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-71-FDW

| | |
|---|---|
| MICHAEL BRIAN WISE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>MECKLENBURG COUNTY )<br>DEPARTMENT OF SOCIAL )<br>SERVICES, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint, filed under 42 U.S.C. §§ 1983 and 1985, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2).

The Court first addresses Plaintiff's application to proceed in forma pauperis. Plaintiff has submitted his trust fund account statement showing that as of February 9, 2014, he had $30.89 in his trust fund account. (Doc. No. 5). The Court will grant Plaintiff's application to proceed in forma pauperis, as it appears that Plaintiff does not have sufficient funds with which to pay the filing fee.

**I.  BACKGROUND**

Pro se Plaintiff Michael Brian Wise is a North Carolina pre-trial detainee currently incarcerated at the Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff filed this action on February 10, 2014, naming as Defendants Mecklenburg County Department of Social

Services and social workers Janie Lakeman and Becky Alexander, who were employed by the Department of Social Services at all relevant times. Plaintiff asserts in the Complaint that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff alleges in the pro se Complaint that he is bringing this lawsuit to challenge Defendants' actions regarding custody of Plaintiff's minor children. Plaintiff asserts in the Complaint that he "ha[s] not seen [his] children since 02-22-12 as a result of these defendants' actions and fictitious allegations which now include allegations of criminal conduct which was unfounded by [a Charlotte Mecklenburg Police Department] detective. At this time these Defendants are attempting to terminate my parental rights based on fabricated evidence submitted to the courts since my arrest on 08-11-12 on an unrelated charge." (Doc. No. 1 at 4). Plaintiff seeks to have "[his] children returned to [him] at once and that criminal prosecution should be brought against the defendants . . . ." (Id. at 6).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller

v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because matters of domestic relations are traditionally within the province of the state courts. Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006). Because Plaintiff is challenging actions by Defendant Mecklenburg County Department of Social Services regarding child custody matters, this Court will dismiss this action. The Court further notes that dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Younger v. Harris, 401 U.S. 37 (1971); Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, Plaintiff's own allegations and the exhibits that Plaintiff has attached to the Complaint reveal that there are ongoing proceedings in the North Carolina state courts regarding custody of Plaintiff's minor children. Furthermore, Plaintiff's claims concerning the ongoing child custody matters clearly implicate important state interests. Finally, Plaintiff has an adequate state forum to pursue his claims against Defendants. Thus, dismissal is also appropriate under the Younger abstention doctrine. The dismissal will be without prejudice, however, to Plaintiff to bring a claim regarding his parental rights in North Carolina state court.

## IV. CONCLUSION

Plaintiff's Complaint is dismissed without prejudice to Plaintiff to bring his claim in North Carolina state court.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice.

Signed: March 18, 2014

Frank D. Whitney
Chief United States District Judge